CRAIG P. FAGAN, State Bar No. 149556
**LAW OFFICES OF CRAIG P. FAGAN**
6320 Raydel Court
San Diego, CA 92120
Telephone: (619) 528-9600
Facsimile:  (619) 528-9675
email: cpfagan@faganlegal.com

Attorneys for all Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JOHN CALDERA, an individual; CAMILLE CALDERA, an individual; C.C., a minor by and through his guardian ad litem, DAVID JONES; H.C., a minor by and through her guardian ad litem, DAVID JONES,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALISO VILLAS CONDOMINIUM ASSOCIATION, a California Corporation; AMBER PROPERTY MANAGEMENT, a business form unknown; COURTESY PATROL SPECIALISTS, INC., a California Corporation; DOES 1 through 10, Inclusive,<br><br>    Defendants | No.<br><br>**COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR TRIAL BY JURY** |

COMPLAINT                                                                                       1

# I.

# INTRODUCTION

1. This action seeks monetary, declaratory, and injunctive relief against defendants for discriminating against families with children in the operation of the Aliso Villas Condominiums located in Mission Viejo, CA (hereinafter "the Subject Property" or "the complex") for coercing, intimidating, threatening, or interfering with plaintiffs in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act and/or the Fair Employment and Housing Act in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 *et seq.*, and related federal and state laws

# II.

# JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to Plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in that the claims alleged herein arose within the City of Mission Viejo, County of Orange, California.

\* \* \*

\* \* \*

# III.

# PARTIES

4. Plaintiffs John Caldera and Camille Caldera, husband and wife, live together with their minor children, C.C. and H.C. at the Subject Property in Mission Viejo, Orange County, California. Plaintiffs C.C. and H.C. are represented herein by their guardian ad litem, David Jones.

5. Defendant Aliso Villas Condominium Association, a California Corporation (hereinafter AVCA) owns, operates, and manages the Subject Property. The Subject Property is a condominium complex located in Mission Viejo, Orange County, CA. AVCA's offices are located in Mission Viejo, Orange County, CA.

7. The Subject Property is managed by Defendant Amber Property Management, a business form unknown (hereinafter APM), a property management company. APM at all times relevant herein was employed Defendant AVCA.

8. Defendant Courtesy Patrol Specialists, Inc., a California Corporation (hereinafter CPSI) is doing business in Tustin, Orange County, California. Defendants AVCA and APM hired CPSI to provide security for the Subject Property at all times relevant herein.

9. Each defendant is, and at all times herein relevant was, the agent, employee, or representative of each other defendant, in doing the acts or in omitting to act as alleged in this compliant, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each defendant as principal.

# IV.

# **FACTS**

10. Defendants, acting individually and in concert with others, directly and through agents, have engaged in a pattern or practice of discrimination against families with children, including Plaintiffs, on account of familial status in the operation of the Subject Property. Defendants continue to engage in such a pattern or practice of discrimination so as to constitute a continuing violation.

11. In May 2008, Plaintiffs John Caldera and Camille Caldera purchased a condominium in the Aliso Villas One complex located in Mission Viejo, CA. Plaintiffs live at the complex with their minor children, Plaintiffs C.C. and H.C. C.C. and H.C. are represented herein by their Guardian Ad Litem, Dave Jones. C.C. has a disability, as he suffers from autism.

12. The complex is governed by Defendant Aliso Villas Condominium Association, a California Corporation (hereinafter AVCA), and managed by Defendant Amber Property Management, a business form unknown (hereinafter APM). AVCA employs Defendant Courtesy Patrol Specialists, Inc., a California Corporation (hereinafter CPSI) to provide security patrol for the complex.

13. During the time that Plaintiffs have lived at the complex, AVCA, APM, and CPSI have enforced rules at the complex that violate federal and state fair housing laws. To wit, AVCA, APM, and CPSI have enforced rules that prohibit children from playing in common areas of the property. On several occasions when Plaintiffs have allowed their children to play, they have been threatened with fines from AVCA and APM.

14. As for the written rules at the complex, they are as follows:

"Common area. Ball playing near Aliso Villas 1 Buildings, garages and other structures is

damaging to the structures and paint, and is prohibited."

"Driveways, Parking Lots & Cul-de-Sacs.  There is absolutely no playing in driveways, parking lots or cul-de-sacs."

"Miscellaneous.  Bicycles, Big Wheels, skateboards, roller blades, etc. are not permitted on the sidewalks around the units.  This is for the safety of pedestrians."

"In the interest of safety, it is recommended that recreational activities, including but not limited to, skateboarding, ball playing, Frisbee throwing, roller skating/blading, and riding of "big wheel" type toys not be conducted on the streets, sidewalks or other Common Areas of Aliso Villas I."

"No Frisbee throwing, street hockey or ball playing of any kind is permitted in the complex."

15.     The foregoing rules are enforced so staunchly that children, effectively, are not allowed to play outside at anytime at the complex, other than at the small playground at the complex.  As for the playground, it has a sign which states, "Children under the age of 14 must be accompanied by an adult at all times."

16.     On June 5, 2012, Plaintiffs allowed their children to play in the common areas.  In response, on June 6, 2012, upon behalf of AVCA, Jamie Hackwith from APM sent a notice to Plaintiffs, warning them that there children were seen playing in the streets and driveways, and that they had played with a ball against a wall.  The notice instructed Plaintiffs that all play activities were forbidden within the driveways, parking lots, and cul-de-sacs, or else a hearing would be held to discuss a $110 fine and more.  The notice was completely inappropriate, as the children were engaging in completely harmless play activities.

17. On or about May 24, 2014, Plaintiffs children were playing on the cul-de-sac on the property. This area is perfectly safe for children to play in, as there is no flow-through traffic. Upon learning this, upon behalf of AVCA, Jamie Hackwith from APM sent a warning notice on June 4, 2014, to Plaintiffs, informing them that they had violated community rules by allowing residents to play on the driveways, parking lots, and cul-de-sacs. The notice further instructed Plaintiffs that bike riding, Frisbees, street hockey, ball playing was not allowed. The notice further stated that community streets were "not intended to be used aa a playground for children." The notice was completely inappropriate, as the children were engaging in completely harmless play activities and were perfectly safe.

18. Thereafter, on or about January 2, 2015, Plaintiffs' children were playing on the cul-de-sac at the complex. In response, on January 9, 2015, upon behalf of AVCA, Jamie Hackwith from APM sent another warning notice, asking that such conduct cease at once. Once again, the notice was completely inappropriate, as the children were engaging in completely harmless play activities.

19. The main security guard at the complex who works for CPSI is Joe Gutierrez. Mr. Gutierrez is very controlling and staunchly works to ensure that children do not play outside in any common area at the complex. On many occasions, Mr. Gutierrez has gotten into arguments with parents, telling them that their children could not play outside in common areas. Many times, Mr. Gutierrez will park his vehicle on the property, sitting and waiting to see if children will come out to play. If so, he informs them that playing is not allowed. This constant harassment has brought stress to Plaintiffs, especially C.C. who is autistic and needs to play outside.

20. The children at the complex have become frightened of Mr. Gutierrez and run inside upon first sight of Mr. Gutierrez.

21. On or about March 5, 2016, Plaintiff John Caldera noticed Mr. Gutierrez sitting in his car on the cul-de-sac, watching. Upon seeing this, Mr. Caldera walked up to the car, and filmed Mr.

Gutierrez. Mr. Gutierrez became upset, rolled down his car window, then said, "You are opening up a can of worms." Thereafter, Mr. Gutierrez began to regularly report Plaintiffs to APM for rules violations, whenever Plaintiffs' children would play outside.

22. On March 14, 2016, upon behalf of AVCA, Jamie Hackwith from APM sent a warning notice to Plaintiffs, informing them that they were violating community rules by allowing their children to play in common areas. Plaintiffs are informed and believe and thereon allege that Mr. Gutierrez reported the alleged violation to APM so that APM would send such warning notice to Plaintiffs. The notice was completely inappropriate, as the children were engaging in completely harmless play activities.

23. On or about March 21, 2016, Plaintiffs' children played in the common areas at the property.

24. On March 22, 2016, upon behalf of AVCA, Jamie Hackwith from APM sent a warning notice to Plaintiffs, informing them that they were violating community rules by allowing their children to play in common areas. Plaintiffs were informed that a hearing would be held by AVCA to determine if a $110 fine should be levied in the event that such conduct did not cease. Plaintiffs are informed and believe and thereon allege that Mr. Gutierrez reported the alleged violation to APM so that APM would send such warning notice to Plaintiffs. The notice was completely inappropriate, as the children were engaging in completely harmless play activities.

25. On or about April 9 and 10, 2016, Plaintiffs children played outside in the common areas at the complex.

26. On April 13, 2016, upon behalf of AVCA, Jamie Hackwith from APM sent notice to Plaintiffs, informing them that they were in violation of community rules by allowing their children to continue to play at the property. The letter informed Plaintiffs that they were required to attend a hearing

on May 4, 2016, wherein AVCA would convene a board meeting, to determine if Plaintiffs would be fined $110 for each "occurrence." The notice further indicated that fines would double if future violations of the community rules took place. Plaintiffs are informed and believe and thereon allege that Mr. Gutierrez reported the alleged violation to APM so that APM would send such warning notice to Plaintiffs. The notice was completely inappropriate, as the children were engaging in completely harmless play activities.

27.    This constant harassment by AVCA, APM, and CPSI has intimidated Plaintiffs and has caused them to fear letting their children play outside at the complex. As of today, on the occasions when Plaintiffs allow their children to play outside, they are nervous and leery about getting further fines and warning notices. The entire complex lives under fear, due to AVCA's, APM's, and CPSI's crack down on children playing at the complex. As it stands, children are not only prohibited from engaging in expressly prohibited conduct, but, rather, are also prohibited from playing any activity at anytime in the common areas, even if such play activities are not expressly prohibited by written community rules.

28.    As it stands, Plaintiff C.C. is autistic and needs to be outside. On virtually every occasion when C.C. has been outside in the common areas, he has been supervised and perfectly safe.

## V.

## INJURIES

29.    By reason of defendants' unlawful acts and practices, plaintiffs have suffered loss of important housing opportunities, violation of their civil rights, deprivation of the full use and enjoyment of their tenancy, and emotional distress and physical injury, humiliation and mental anguish, physical distress, impairment of health, fear, stress,  including bodily injury such as stomach aches; knots in stomach; head aches; sleep loss; feelings of depression, discouragement, dry throat, rise in body temperature, anger, and nervousness; trouble sleeping; and reliving the experience; and other special and general damages according to proof. Accordingly, plaintiffs are entitled to compensatory damages.

30. In doing the acts of which plaintiffs complain, defendants and their agents and employees intentionally or recklessly violated plaintiffs' civil rights. Accordingly, all plaintiffs are entitled to punitive damages.

31. There now exists an actual controversy between the parties regarding defendants' duties under the federal and state fair housing laws. Accordingly, all plaintiffs are entitled to declaratory relief.

32. Unless enjoined, defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above.

## VI.

## FIRST CLAIM

### (Fair Housing Act)

33. Plaintiffs reallege and incorporate by reference paragraphs 1 through 32 of the complaint herein.

34. Defendants have injured plaintiffs in violation of the federal Fair Housing Act by committing the following discriminatory housing practices:

A. Discriminating in the terms, conditions, and privileges of the rental of a dwelling because of familial status, including without limitation forbidding children to play at any time in the complex, or in the provision of services or facilities in connection therewith, because of familial status in violation of 42 U.S.C. §3604(b);

B. Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status or disability, or an intention to make any such preference, limitation, or discrimination in violation of 42

U.S.C. §3604(c);

      C. Coercing, intimidating, threatening, or interfering with persons in their exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, any right granted by or protected by the Fair Housing Act in violation of 42 U.S.C. §3617.

## SECOND CLAIM

### (California Fair Employment and Housing Act)

35. Plaintiffs reallege and incorporate by reference paragraphs 1 through 34 of the complaint herein.

36. Defendants have injured plaintiffs in violation of the California Fair Employment and Housing Act by committing the following discriminatory housing practices:

      A. Making, printing, or publishing notices, statements, or advertisements, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status or disability, or an intention to make any such preference, limitation, or discrimination in violation of California Government Code §12955(c);

      B. Expressing a preference for or limitation on a renter because of familial status in violation of California Government Code §12955(d);

      C. Harassing, evicting, or otherwise discriminating against any person in the rental of housing accommodations where the dominant purpose is retaliation against a person who, among other things, has opposed practices unlawful under the Fair Employment and Housing Act, in violation of California Government Code §12955(f);

      D. Otherwise making unavailable or denying a dwelling based on discrimination because of familial status, in violation of California Government Code §12955(k); and

E. Threatening, intimidating, or interfering with persons in their enjoyment of a dwelling because of familial status in violation of California Government Code §12955.7.

## THIRD CLAIM
### (Negligence)

37. Plaintiffs reallege and incorporate by reference paragraphs 1 through 36 of the complaint herein.

38. Defendants owed plaintiffs a duty to operate the Subject Property in a manner that was free from unlawful discrimination, and to hire, train, supervise, and discipline their employees and themselves to fulfill that duty. Defendants negligently violated that duty by discriminating against families with children on account of their familial status. Defendants' violation of that duty was the result of negligence, including, but not limited to:

A. Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing laws;

B. Defendants' negligent failure to train their employees and themselves regarding the requirements of state and federal fair housing laws;

C. Defendants' negligent failure to supervise their employees regarding compliance with the requirements of state and federal fair housing laws; and

D. Defendants' negligent failure to follow standard, recognized rental practices of the community;

E. Defendants' negligent failure to exercise the ordinary and reasonable care and diligence required of a housing provider in the operation and management of the subject rental premises; and/or

F. Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing rights laws.

39. As a legal result of defendants' negligent conduct, the plaintiffs have suffered loss of an important housing opportunity, violation of their civil rights, deprivation of the full use and enjoyment of their tenancy, invasion of the private right of occupancy, wrongful eviction, and bodily injury, including severe humiliation, physical and emotional distress.

## FOURTH CLAIM
## (Unfair Business Practices)

40. Plaintiffs reallege and incorporate by reference paragraphs 1 through 39 of the complaint herein.

41. In acting as herein alleged, defendants have engaged in a pattern or practice of unlawful discrimination in the operation of the Subject Property, a business establishment, and therefore have engaged in acts of unfair competition as the same is defined in California Business & Professions Code §17200 *et seq.*.

## VII.
## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for entry of judgment against defendants that:

1. Awards compensatory and punitive damages according to proof;
2. Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;
3. Enjoins all unlawful practices complained about herein and imposes affirmative

injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of familial status;

    4.    Awards statutory damages to plaintiffs pursuant to the Unruh Civil Rights Act;

    5.    Awards pre-judgment interest and post-judgment interest as provided for by law;

    6.    Awards costs of suit herein incurred, including reasonable attorneys' fees; and

    7.    Awards all such other and further relief as the Court may deem proper.

Dated: April 29, 2016            LAW OFFICES OF CRAIG P. FAGAN

By: **/s/Craig P. Fagan**
Craig P. Fagan
Attorneys for all Plaintiffs

## VIII.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby request a trial by jury.

Dated: April 29, 2016            LAW OFFICES OF CRAIG P. FAGAN

By: **/s/Craig P. Fagan**
Craig P. Fagan
Attorneys for all Plaintiffs